Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACCREDITED BUSINESS SOLUTIONS INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TERRY FABRICANT ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief

CLASS ACTION COMPLAINT

- 1 -

based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant ACCREDITED BUSINESS SOLUTIONS INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a California corporation with its principle place of business also in California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a New York company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4. Plaintiff, TERRY FABRICANT ("Plaintiff"), is an individual in California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, ACCREDITED BUSINESS SOLUTIONS INC.

CLASS ACTION COMPLAINT

- 2 -

("Defendant"), is a business financing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around November of 2017, Defendant contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -1083 and -9210 in an attempt to solicit Plaintiff to purchase Defendants' services.

9. Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to solicit its services. At one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10. Defendants contacted or attempted to contact Plaintiff from telephone numbers belonging to Defendants, including without limitation (646) 813-2660, (646) 813-2661, (631) 887-1899, (631) 350-0008, (631) 223-7142, (209) 299-3079, and (631) 356-9694.

11. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephones pursuant to *47 U.S.C. § 227(b)(1)(A)*.

14. Furthermore, Plaintiff's cellular telephone number ending in -1083 and -9210 have been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendants' initial calls.

15. Defendants placed multiple calls soliciting its business to Plaintiff on its cellular telephones beginning in or around November of 2017.

16. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

17. Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

18. Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

19. Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after requesting they stop calling, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

20. Further, on or about November 2018, Plaintiff received a text message from Defendants on his cellular telephone number ending in -1083.

21. During this time, Defendants began to use Plaintiff's cellular

1  telephone for the purpose of sending Plaintiff spam advertisements and/or
2  promotional offers, via text messages, including a text message sent to and received
3  by Plaintiff on or about November 29, 2018.

4      22.    On November 29, 2018, Plaintiff received a text message from
5  Defendants that read:

> "Good Afternoon Larry,
> it's Justin over at ABS. I
> sent out that application
> if you could confirm you
> received it. Also this is
> my cell phone if you
> ever need it."

23.    These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

24.    The telephone number that Defendants, or their agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25.    These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26.    Plaintiff was never a customer of Defendants and never provided his cellular telephone number Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27.    These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

28.    Plaintiff brings this action individually and on behalf of all others

similarly situated, as a member the three proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

29. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.
> complaint.

30. The class concerning the unsolicited text claim for no prior express consent (hereafter "The Text Class") is defined as follows:

> All persons within the United States who received any unsolicited text messages from Defendants which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

31. Plaintiff represents, and is a member of, The ATDS Class, consisting

of all persons within the United States who received any solicitation telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

32. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the Complaint.

33. Plaintiff represents, and is a member of, the Text Class, consisting of all persons within the United States who received any unsolicited text messages from Defendants which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

34. Defendants, their employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

36. Plaintiff and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

37. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

39. Plaintiff and members of The DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

40. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

    b. Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

    c. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

41. As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent

and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

42. Plaintiff and members of the Text Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Text Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Text Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

43. Common questions of fact and law exist as to all members of The Text Class which predominate over any questions affecting only individual members of The Text Class. These common legal and factual questions, which do not vary between Text Class members, and which may be determined without reference to the individual circumstances of any Text Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

44. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are

typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class

45. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

46. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

49. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical

matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

50. Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

51. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

53. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

54. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

55. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

57. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

58. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

59. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

61. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*,

1 Plaintiff and the DNC Class members are entitled an award of $500.00 in statutory
2 damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

3   62.   Plaintiff and the DNC Class members are also entitled to and seek
4 injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

63.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

64.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

65.   As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

66.   Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the Text Class**

67.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

68.   The foregoing acts and omissions of Defendants constitute numerous

1  and multiple negligent violations of the TCPA, including but not limited to each
2  and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

3      69.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et
4  seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory
5  damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

6      70.    Plaintiff and the Class are also entitled to and seek injunctive relief
7  prohibiting such conduct in the future.

## SIXTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the Text Class**

13      71.    Plaintiff incorporates by reference into this cause of action the
14  allegations set forth above.

15      72.    The foregoing acts and omissions of Defendants constitute numerous
16  and multiple knowing and/or willful violations of the TCPA, including but not
17  limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et
18  seq.

19      73.    As a result of Defendants' knowing and/or willful violations of 47
20  U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00
21  in statutory damages, for each and every violation, pursuant to 47 U.S.C. §
22  227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23      74.    Plaintiff and the Class are also entitled to and seek injunctive relief
24  prohibiting such conduct in the future.

25  ///
26  ///
27  ///
28  ///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

**FIFTH CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Text Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SIXTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Text Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting

such conduct in the future.

- Any other relief the Court may deem just and proper.

### JURY DEMAND

75. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 13th Day of February, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff